Phillip H. Stanfield, Bar #011729
Clarice A. Spicker, Bar #029964
Lauren D. Norton, Bar #037070
JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-4491
Fax: (602) 200-7898
pstanfield@jshfirm.com
cspicker@jshfirm.com
lnorton@jshfirm.com

Attorneys for Defendant Crete Carrier Corporation

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Kimberly Brennan, an individual; Carmen Ponce, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> Johnny Hernandez, an individual; Crete Carrier Corporation, an Arizona foreign for-profit corporation; John and Jane Does 1-10; and White Partnerships 1-10; <br><br> Defendants. | No. 2:24-cv-01740-ASB <br><br> **DEFENDANT CRETE CARRIER CORPORATION'S ANSWER** |

Defendant Crete Carrier Corporation (Hereinafter "Defendant Crete"), by and through undersigned counsel, for their Answer to Plaintiffs' Complaint, admits, denies, and alleges as follows:

## PARTIES, JURISDICTION, VENUE, AND TIER

1. Upon information and belief, Defendant Crete admits the allegations contained in Paragraph 1 of Plaintiffs' Complaint.

2. Upon information and belief, Defendant Crete admits the allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3. Upon information and belief, Defendant Crete admits the allegations contained in Paragraph 3 of Plaintiffs' Complaint.

117278938.1

4. Defendant Crete admits the allegations in Paragraph 4 of Plaintiffs' Complaint insofar that it is a for-profit corporation doing business currently and at all relevant times of this Complaint in Maricopa County. Defendant Crete affirmatively asserts it is a Nebraska Corporation. Defendant Crete denies the remaining allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5. The allegations contained in Paragraph 5 of Plaintiffs' Complaint are against fictitious parties and are not directed towards Defendant Crete. The allegations are therefore not addressed herein. To the extent a response is required, Defendant Crete lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiffs' Complaint and therefore deny the same.

6. Defendant Crete denies the allegations contained in Paragraph 6 of Plaintiffs' Complaint. Defendant Crete affirmatively asserts that The United States District Court, District of Arizona has diversity jurisdiction over the case as complete diversity of the parties is present and the amount in controversy exceeds $75,000.

7. Defendant Crete denies the allegations contained in Paragraph 7 of Plaintiffs' Complaint. Defendant Crete affirmatively asserts that The United States District Court, District of Arizona is the proper venue as the Parties are diverse and the amount in controversy exceeds $75,000.

8. Defendant Crete lacks foundation to admit or deny the allegations contained within Paragraph 8 of Plaintiffs' Complaint but acknowledges that the amount in controversy exceeds $75,000. Defendant Crete affirmatively asserts that tiers are not applicable in The District Court of Arizona, which is the proper jurisdiction and venue in this lawsuit. Defendant Crete would not object to Tier 3 classification, were it to become applicable.

**GENERAL ALLEGATIONS**

9. Defendant Crete admits the allegations contained in Paragraph 9 of Plaintiffs' Complaint insofar that Plaintiff Kimberly Brennan was a passenger in a vehicle at the intersection of North 27th Avenue and West Van Buren Street in Phoenix, Arizona.

Defendant Crete lacks sufficient information to admit the remaining allegations in Plaintiffs' Complaint as Plaintiff Carmen Ponce is not listed as a passenger in the AZDPS Report, therefore they are denied pending further discovery.

10. Defendant Crete admits the allegations contained in Paragraph 10 of Plaintiffs' Complaint.

11. Defendant Crete lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiffs' Complaint as it relates to whether Defendant Johnny Hernandez currently holds a valid Commercial Driver's License (CDL) and therefore takes no position pending further discovery. Defendant Crete admits that Defendant Johnny Hernandez held a valid CDL at the time of the accident that is the subject of this lawsuit.

12. Defendant Crete denies the allegations contained in Paragraph 12 of Plaintiffs' Complaint and affirmatively asserts that Defendant Hernandez was operating a tractor-trailer with a gross vehicle weight rating in excess of 26,000 pounds.

13. Defendant Crete admits the allegations contained in Paragraph 13 of Plaintiffs' Complaint insofar that Defendant Johnny Hernandez was within the course and scope of his employment with Defendant Crete at the time of the accident that is the subject of this lawsuit.

14. Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiffs' Complaint and therefore takes no position pending further discovery.

15. Defendant Crete lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiffs' Complaint and therefore denies the same pending further discovery.

16. Defendant Crete admits the allegations contained in Paragraph 16 of Plaintiffs' complaint insofar that Defendant Johnny Hernandez made a right-hand turn and that his vehicle came into contact with Plaintiffs' vehicle. Defendant Crete lacks sufficient information to form a belief as to the truth of the remaining allegations contained in

117278938.1

Paragraph 16 of Plaintiffs' Complaint and therefore takes no position pending further discovery.

17. Defendant Crete lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiffs' Complaint and therefore takes no position pending further discovery.

18. Defendant Crete denies the allegations contained in Paragraph 18 of Plaintiffs' Complaint.

19. Defendant Crete admits the allegations contained in Paragraph 19 of Plaintiffs' Complaint.

20. Defendant Crete denies the allegations contained in Paragraph 20 of Plaintiffs' Complaint.

21. Defendant Crete denies the allegations contained in Paragraph 21 of Plaintiffs' Complaint.

22. Defendant Crete lacks denies the allegations contained in Paragraph 22 of Plaintiffs' Complaint.

## **COUNT I – NEGLIGENCE**

23. Defendant Crete incorporates all the foregoing Paragraphs as if fully stated herein.

24. Defendant Crete admits the allegations contained in Paragraph 24 of Plaintiffs' Complaint insofar that Defendant Johnny Hernandez as a commercial driver is required to comply with the Federal Motor Carrier Safety Regulations and State Laws as it relates to training. Defendant Crete denies the remaining allegations contained in Paragraph 24 of Plaintiffs' Complaint. Defendant Crete affirmatively asserts that the allegations in Paragraph 24 of Plaintiffs' Complaint are ambiguous and vague as it relates to "specialized training".

25. Defendant Crete denies the allegations contained in Paragraph 25 of Plaintiffs' Complaint and alleges that Defendant Hernandez was operating a tractor-trailer with a gross vehicle weight rating in excess of 26,000 pounds.

117278938.1

26. Defendant Crete admits the allegations contained in Paragraph 26 of Plaintiffs' Complaint insofar that that Defendant Johnny Hernandez had a duty as a commercial driver to follow the Federal Motor Carrier Safety Regulations and State Laws while operating a commercial vehicle. Defendant Crete denies the remaining allegations contained in Paragraph 26 of Plaintiffs' Complaint.

27. Defendant Crete denies the allegations contained in Paragraph 27 of Plaintiffs' Complaint.

28. Defendant Crete admits the allegations contained in Paragraph 28 of Plaintiffs' Complaint insofar that at the time of the accident that is the subject of this lawsuit Defendant Johnny Hernandez was acting within the course and scope of his employment with Defendant Crete. Defendant Crete also admits that if Defendant Johnny Hernandez is found negligent, then Defendant Crete would be vicariously liable under the doctrine of respondeat superior. Defendant Crete denies the remaining allegations contained in Paragraph 28 of Plaintiffs' Complaint.

29. Defendant Crete denies the allegations contained in Paragraph 29 of Plaintiffs' Complaint.

30. Defendant Crete denies the allegations contained in Paragraph 30 of Plaintiffs' Complaint.

**COUNT II – NEGILGENCE PER SE**

31. Defendant Crete incorporates all the foregoing Paragraphs as if fully stated herein.

32. Defendant Crete denies the allegations contained in Paragraph 32 of Plaintiffs' Complaint.

33. Defendant Crete denies the allegations contained in Paragraph 33 of Plaintiffs' Complaint.

34. Defendant Crete admits the allegations contained in Paragraph 34 of Plaintiffs' Complaint insofar that at the time of the accident that is the subject of this lawsuit Defendant Johnny Hernandez was acting within the course and scope of his employment

117278938.1

with Defendant Crete. Defendant Crete also admits that if Defendant Johnny Hernandez is found negligent, then Defendant Crete would be vicariously liable under the doctrine of respondeat superior. Defendant Crete denies the remaining allegations contained in Paragraph 34 of Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

1. As and for a separate defense and in the alternative, Defendant Crete alleges the imposition of punitive damages under Arizona law violates the Equal Protection Clause of the Fifth and Fourteenth Amendments of the United States Constitution, as well as the Contract Clause in each of the following ways.

   a. Arizona law permits the imposition of unlimited punitive damages that are vastly disproportionate to any actual or compensatory injuries thereby violating the Fourteenth Amendment of the United States Constitution.

   b. Disproportionate punitive damages constitute an arbitrary and capricious taking of property which is unjustified by any rational governmental interest thereby violating the Fifth and Fourteenth Amendments of the United States Constitution.

   c. The award of any punitive damages without certain safeguards to guard the jury's discretion in determining the amount of damages is contrary to due process under the Fourteenth Amendment of the United States Constitution.

   d. Arizona does not provide a reasonable limit on the amount of any punitive damage award thus violating the Fourteenth Amendment of the United States Constitution.

2. As and for a separate defense and in the alternative, Defendant Crete alleges that Plaintiffs' Complaint fails to state a claim upon which relief may be granted against Defendants.

3. As and for a separate defense and in the alternative, Defendant Crete alleges that Plaintiffs have failed to mitigate their damages, thus barring or reducing the recovery against Defendants.

117278938.1

4. As and for a separate defense and in the alternative, Defendant Crete alleges that the Plaintiffs were contributorily negligent and/or any damages received by the Plaintiffs were the result of an intervening/superseding cause or occurred as a result of the negligence of someone other than these Defendants, all of which bars recovery to the Plaintiff herein from Defendants.

5. As and for a separate defense and in the alternative, Defendant Crete alleges that the Plaintiffs were negligent, in whole or in part, thereby reducing or eliminating any damages owing by Defendants by way of comparative negligence.

6. As and for a separate defense and in the alternative, Defendant Crete alleges that if, indeed, it is determined to be liable for the allegations alleged in the Complaint, then Defendants are entitled to contribution from other Defendants, named and unnamed, by way of the doctrine of contribution.

7. Although Defendant Crete does not presently have specific facts in support of the remaining defenses, it wishes to put counsel for Plaintiffs upon notice that it raises the following defenses which, through subsequent discovery may, indeed, be supported by the facts: lack of jurisdiction over the subject matter, lack of jurisdiction over the person, accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, set-off, failure to join an indispensable party, failure of consideration, fraud, illegality, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, insufficiency of process and insufficiency of service of process, and waiver.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendant Crete prays that same be dismissed, and that Defendant Crete be awarded its costs and attorney's fees incurred herein.

117278938.1

1
2    DATED this 22nd day of July, 2024.

3                                JONES, SKELTON & HOCHULI, P.L.C.

4
5                                By */s/ Lauren D. Norton*
                                    Phillip H. Stanfield
6                                   Clarice A. Spicker
                                    Lauren D. Norton
7                                   40 N. Central Avenue, Suite 2700
                                    Phoenix, Arizona 85004
8                                   Attorneys for Defendant Crete Carrier
                                    Corporation
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

8

117278938.1

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of July, 2024, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

/s/ *Gail Hardin*

9

117278938.1