Robert T. Mills (Arizona Bar #018853)
Sean A. Woods (Arizona Bar #028930)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiffs Kimberly Brennan
and Carmen Ponce*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Kimberly Brennan, an individual; Carmen Ponce, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>Johnny Hernandez, an individual; Crete Carrier Corporation, an Arizona foreign for-profit corporation; John and Jane Does 1-10; Black Corporations 1-10; and White Partnerships 1-10,<br><br>Defendants. | Case No.: CV-24-01740-PHX-DJH<br><br>**JOINT PROPOSED CASE MANAGEMENT REPORT**<br><br>(Assigned to the Honorable Diane J. Humetewa) |
| Robert Warix, Individually,<br><br>Plaintiff,<br><br>vs.<br><br>Johnny Hernandez and Jane Doe Hernandez, Individually and as Husband and Wife; Crete Carrier Corporation, a Foreign For-Profit Corporation; John Does I-X and Jane Does I-X, Individually and as Husband and Wife; Black Corporations I-X and White Limited Partnerships I-X,<br><br>Defendants. | Case No.: CV-24-01741-PHX-DJH |

The parties by and through counsel undersigned, conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules on September 10, 2024 and prepared the following report.

The initial pretrial conference required under Fed. R. Civ. P. 16 is scheduled for October 17, 2024, at 11:30 a.m. and the conference will be held in Courtroom 605, Sandra Day O'Connor U.S. Federal Courthouse, 401 W. Washington Street, Phoenix, Arizona 85003.

**1.    The parties who attended the Rule 26(f) meeting and assisted in developing the Case Management Report and the date of the meeting.**

Brian Plant for Plaintiff Robert Warix.

Sean A. Woods for Plaintiffs Kimberly Brennan and Carmen Ponce.

Clarice A. Spicker and Lauren D. Norton for Defendant Crete Carrier Corporation.

**2.    A short statement of the nature of the case (3 pages or less), including a description of each claim and defense.**

**Plaintiff Robert Warix's Statement** – On April 6, 2022, Plaintiff Robert Warix was a restrained passenger in a vehicle operated by non-party, northbound on North 27th Avenue and West Van Buren Street. Defendant Johnny Hernandez was operating a 2021 Freightliner Tractor Trailer registered and owned by his employer Defendant Crete Carrier Corporation northbound on North 27th Avenue and West Van Buren Street, while making a right turn Defendant's trailer collided with the vehicle that Plaintiff Robert Warix was a passenger in, causing the collision.

**Plaintiffs Carmen Ponce and Kimberly Brennan's Statement** – On April 6, 2022, Plaintiffs Kimberly Brennan and Carmen Ponce (collectively, "Plaintiffs") were

passengers in a vehicle (the "Vehicle") at the intersection of North 27th Avenue and West Van Buren Street in Phoenix, Arizona. The Vehicle was stopped in the far-right northbound lane of 27th Avenue at the stoplight at Van Buren St. Defendant Johnny Hernandez ("Johnny"), an employee of Defendant Crete Carrier Corporation ("Crete") acting in the course and scope of his employment, was driving a Semi-truck and trailer (the "Semi") with a gross vehicle weight ("GVWR") between 10,001 and 26,000 pounds.

Johnny drove his Semi in the lane to the left of the Vehicle and attempted to make a right-handed turn around the Vehicle onto Eastbound Van Buren St. Johnny failed to check his positioning and the positioning of obstructions – including the Vehicle – around his Semi. Johnny made a right-handed turn and caused his Semi to hit the Vehicle during the turn. Johnny's Semi dragged the Vehicle over the curb of the road and into obstructions. The Plaintiffs – as passengers in the Vehicle – took on the brunt of the force of the impact caused by Johnny. Johnny was cited with violation of A.R.S. § 28-701(A).

The force was so much that Plaintiffs suffered severe bodily injuries from this collision. Plaintiffs suffered bodily injuries for which they required ongoing medical treatment, and for which they were charged or given future estimates for treatment that are currently in the tens of thousands of dollars and will increase as further medical treatment is warranted. Plaintiffs continue to suffer side effects of their injuries, and have continued bodily injuries, potential lost wages, pain and suffering, and loss of enjoyment of life. Plaintiffs bring claims for negligence and negligence per se against Johnny and Crete.

**Defendant Crete Carrier Corporation Statement** – On April 6, 2022, Johnny Hernandez (hereinafter "Hernandez") was operating a 2021 Freightliner tractor-trailer while in the course and scope of his employment with Defendant Crete Carrier Corporation (hereinafter "Crete"). Hernandez was attempting to make a right turn from northbound N 27th Ave onto eastbound W Van Burn St when contact was made with an adverse vehicle owned by Taylor Brandon Wilkins and operated by Non-Party at Fault Gary Durwin Hand (hereinafter "Hand"). The passengers in Hand's vehicle were Plaintiff Robert Warix (hereinafter "Warix"), Plaintiff Kimberly Brennan (hereinafter "Brennan"), and Leila

Torres De Leon. Plaintiff Carmen Ponce (hereinafter "Ponce") alleges she was a passenger in the adverse vehicle, though she is not listed on the AZDPS Report. Much of the damage to the adverse vehicle was to the left middle to rear driver side indicating that Non-Party at Fault Gary Durwin Hand (hereinafter "Hand"), attempted to pass on the right side of Hernandez while Hernandez was executing the right turn. Overall, Hand should have exercised caution when driving as Hand would have been on notice that the tractor-trailer was in the process of making a right turn. Given the facts, there is comparative fault on behalf of Hand. Negligence on behalf of Hernandez has been admitted and the Parties have agreed to dismiss Hernandez from the case.

**3.    The jurisdictional basis for the case.**

Plaintiffs Kimberly Brennan, Carmen Ponce, and Robert Warix are all domiciled in the State of Arizona. Thus, they are considered citizens of the State of Arizona. Defendant Crete Carrier Corporation is a Nebraska Foreign Corporation incorporated in Nebraska and its principal place of business in Lincoln, Nebraska. Thus, Crete is considered a citizen of the State of Nebraska.

The amount in controversy exceeds $75,000 because Plaintiff Robert Warix has certified this case as Tier 2 in his Complaint and alleges severe bodily and mental injuries, pain and suffering, loss of enjoyment of life, and future medical expenses in excess of $75,000. Plaintiffs Kimberley Brennan and Carmen Ponce claim personal injuries as a result of Defendant's alleged liability stemming from an accident that occurred on April 6, 2022. Plaintiffs Brennan and Ponce asserted in their complaint that this is a Tier 3 case for damages in excess of $300,000 and are seeking punitive damages, amongst lost wages and personal injury damages. Accordingly, the amount in controversy exceeds $75,000. Thus, this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

**4.    Any parties which have not been served and an explanation of why they have not been served; and any parties which have been served but have not answered or otherwise appeared.**

Defendant Johnny Hernandez was served by Publication. The parties have agreed to dismiss Defendant Johnny Hernandez in agreement to admit he was within the course and scope and negligence.

**5.    A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings.**

Crete added Gary Durwin Hand to this case as a Non-Party at Fault. The parties do not expect to add additional parties to the case or to amend their pleadings, but reserve the right to do so, if necessary, after completing additional discovery and investigation.

**6.    A list of contemplated motions and a statement of the issues to be decided by these motions.**

Significant discovery has not yet been commenced and could demonstrate the appropriateness of motions. Therefore, the parties reserve the right to file motions, including dispositive and/or Daubert motions, based upon information learned in discovery at the appropriate time. Defendant Crete also anticipates filing a motion for summary judgment in relation to Plaintiffs' punitive damages claim.

**7.    Whether the case is suitable for reference to a United States Magistrate Judge for trial.**

The parties do not consent to this case's assignment to a United States Magistrate Judge.

**8.    The status of related cases pending before other Courts or other judges of this Court.**

The parties are not aware of any other related cases.

**9.    A statement of when the parties exchange or will exchange Fed.R.Civ.P. 26(a) Initial Disclosures.**

The parties will exchange their Initial Disclosures on October 4, 2024.

**10.   A written plan relating to disclosure, or discovery of electronically stored information.**

The parties do not anticipate any issues with the disclosure or discovery of electronically stored information at this time. The parties agree to consult as electronic disclosures occur to ensure that no issues arise. Additionally, the Parties agree to make appropriate inquiries to their clients for purposes of preserving ESI in their possession that may relate in any way to the claims and defenses in this matter in compliance with the Federal Rules of Civil Procedure. The Parties further agree that they will produce EDI electronically in its native form by email, ShareFile, Dropbox, or other secure file sharing methods..

**11.    A discussion of any issues relating to claims of privilege or work product.**
None at this time.

**12.    A discussion of necessary discovery, including:**

**a.    The extent, nature, and location of discovery anticipated by the parties.**

Plaintiffs Robert Warix, Kimberly Brennan, and Carmen Ponce anticipate deposing any of Defendant employee(s) as disclosed; any Defendant employees responsible for maintaining any and all written or electronic logs, safety training, and compliance with applicable State and Federal trucking laws and regulations; all police officers and other first responders; and any liability and damages experts disclosed by Defendant. Written discovery – request for admissions, requests for production/inspection, interrogatories.

Defendant Crete Carrier Corporation's discovery will be focused on Plaintiff's alleged injuries and damages as well as Non-Party at Fault Gary Durwin Hand's comparative fault. Defendant Crete Carrier Corporation anticipates deposing Plaintiffs, Non-Party at Fault Gary Durwin Hand, police officers and first responders to the accident, Plaintiffs' treating providers, and Plaintiffs' experts. Defendant Crete Carrier Corporation believes most if not all of the depositions will take place in Arizona as that is where the accident occurred, Plaintiffs reside, and likely where Plaintiffs treated. Defendant Crete Corporation also intends to send written discovery including requests for admissions, requests for production, and interrogatories.

      **b.** **The scope of discovery and whether discovery should be conducted in phases or should be limited to focus on particular issues.**

      The parties do not believe discovery needs to be done in phases.

      **c.** **Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure.**

      **Plaintiffs' Position:** None at this time.

      **Defendant Crete Carrier Corporation's Position:** Defendant Crete Carrier Corporation would like to be able to serve 25 written interrogatories on any other **party,** rather than per side, in line with Fed.R.Civ. P. 33(a)(1) and Fed.R.Civ.P. Defendant Crete Carrier Corporation would like to highlight this request as occasionally there is a limitation per **side**. As there are three Plaintiffs and one Defendant the ability to serve the allotted number of interrogatories, requests for production, and requests or admission per **party** is incredibly important in order for Defendant Crete Carrier Corporation to gather the discovery it needs related to Plaintiffs' claims injuries and damages.

      **d.** **The number of hours permitted for each deposition.**

      The parties believe that a limit of one day of four (4) hours per deposition is adequate.

**13.** **Proposed specific dates for each of the following.**

      a.    A deadline for completion of fact discovery[1] by **February 28, 2025.**

      b.    Dates for complete expert disclosures under Fed.R.Civ.P. 26(a)(2)(A)-(E)[2]:

---

[1] Discovery requests must be served and depositions noticed sufficiently in advance of this date to ensure reasonable completion by this deadline, including time to resolve discovery disputes. Parties who fail to timely disclose relevant information will be precluded from using it in the case and may be subject to other sanctions. Parties who unreasonably postpone disclosure of relevant information to the end of the discovery period may also be subject to sanctions.

[2] No expert witness not timely disclosed will be permitted to testify unless the party offering such witness demonstrates: (a) that the necessity of such expert witness could not have been reasonably anticipated at the time of the deadline for disclosing such expert

          Plaintiff's Expert Disclosures by **March 14, 2025.**
          Defendants Expert Disclosure by **May 2, 2025.**
          Rebuttal Disclosures by **June 6, 2025.**

    c.    Completion of Expert Depositions by **August 8, 2025.**

    d.    Dispositive Motions, including any Daubert motion, by:  **September 12, 2025.**

    e.     Good Faith Settlement Discussions by:  **July 25, 2025.**

**14.    Whether a jury trial has been requested and whether the request for a jury trial is contested and, if so, the reasons why the request is contested.**

The parties have requested a jury trial.

**15.    The estimated length of trial.**

Five (5) days.

**16.    The prospect for settlement, including any request of the Court for assistance in settlement efforts, including referral to a United States Magistrate Judge for the limited purposes of settlement.**

The parties anticipate requesting a settlement conference or conducting a private mediation prior to July 25, 2025.

///

///

///

///

///

---

witness; (b) the Court and opposing counsel or unrepresented party were promptly notified upon discovery of such expert witness; and (c) that such expert witness was promptly proffered for deposition. *See Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005).

8

**RESPECTFULLY SUBMITTED** this 26th day of September 2024.

**MILLS + WOODS LAW, PLLC**

By    */s/ Sean A. Woods*
       Robert T. Mills
       Sean A. Woods
       5055 North 12th Street, Suite 101
       Phoenix, AZ 85014
       *Attorneys for Plaintiffs Kimberly Brennan and Carmen Ponce*

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2024, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Phillip H. Stanfield
pstanfield@jshfirm.com
Clarice A. Spicker
cspicker@jshfirm.com
Lauren D. Norton
lnorton@jshfirm.com
**JONES, SKELTON & HOCHULI P.L.C.**
rcamelio@jshfirm.com
jmadden@jshfirm.com
ghardin@jshfirm.com
40 N Central Ave., Ste. 2700
Phoenix, Arizona 85004
*Attorneys for Defendant Crete Carrier Corporation*

Brian S. Plant
bplant@lernerandrowe.com
**LERNER & ROWE LAW GROUP**
2701 E Camelback Rd., Ste. 140
Phoenix, AZ 85016
*Attorneys for Plaintiff Robert Warix*


    */s/ Ben Dangerfield*