AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Arizona

| | |
|---|---|
| Robert Warix | ) |
| *Plaintiff* | ) |
| v. | )  Civil Action No. 2:24-cv-01740-DJH |
| Crete Carrier Corporation, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Advanced Spine and Pain, 4566 E. Inverness Ave., #205, Mesa, AZ 85206  (480) 405-3901

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place: Jones, Skelton & Hochuli, PLC<br>40 N. Central Ave., Ste. 2700<br>Phoenix, AZ 85004 | Date and Time:<br><br>11/11/2024 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      10/23/2024

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Lauren Norton |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant Crete Carrier Corporation _____ , who issues or requests this subpoena, are:

Lauren Norton, JSH, 40 N. Central Ave., Ste. 2700, Phx, AZ 85004; lnorton@jshfirm.com; (602) 263-4491

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:24-cv-01740-DJH

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00     .

I declare under penalty of perjury that this information is true.

Date: _____              _____
                                                                              *Server's signature*

                                                     _____
                                                                              *Printed name and title*

                                                     _____
                                                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**
**RECORDS TO BE PRODUCED**

Re:     Robert Lee Warix
        DOB:   05/21/1968

Any and all medical records and reports; examination and treatment records; diagnostic imaging studies and reports; photographs; psychiatric testing, reports and records; psychological testing, reports and records; prescriptions; correspondence; phone messages; bills and statements of charges; payments and insurance records. Records produced are to include any and all records from other providers that are contained in Ms. Jefferson's medical chart.

**AUTHORIZATION FOR USE AND/OR DISCLOSURE OF PROTECTED HEALTH INFORMATION**

TO:    Custodian of Records
        Advanced Spine and Pain
        4566 E. Inverness Ave., #205
        Mesa, AZ 85206
        (480) 405-3901

RE:    Robert Lee Warix
       DOB:  05/21/1968

**Patient authorization**: I hereby authorize the entity listed above to disclose my protected health information defined in the Health Insurance Portability and Accountability Act of 1996 (HIPAA) including: any and all medical records and reports; diagnostic imaging studies and reports; photographs; psychiatric testing, reports and records; psychological testing, reports and records; prescriptions; correspondence; phone messages; bills and statements of charges; payments and insurance records; and entire hospital records including diagnostic imaging studies and specimen slides.  In addition, I authorize the release of any and all records from other providers that are contained in my medical chart.

This authorization approves the release of records containing information related to the diagnosis or treatment of communicable diseases, HIV/AIDS, sexually transmitted diseases, drug and/or alcohol abuse, genetic testing, behavior or mental health services, and/or psychiatric treatment.  I give my specific authorization for these to be released.  *See* A.R.S. §36-661 and §12-2801; 45 CFR §164.501 and §2.1 *et seq*.

This release does not permit direct communication with the health care provider.  This release is an authorization to obtain documents only.

**Specific description of information to be disclosed**: All documents listed above.

**Purpose of release**: Litigation.

**Information**    Jones, Skelton & Hochuli, P.L.C.    or    ABI Document Support Services
**released to:**    40 North Central Avenue, Suite 2700
        Phoenix, Arizona 85004
        602-263-1700

**Right of Revocation.**  I understand that I have the right to revoke this authorization at any time, provided that my revocation is in writing.  I understand that my revocation will be effective upon its receipt by the person(s) I have authorized to obtain the health information.  However, revocation would not be immediately effective to the covered entity and any actions the covered entity had taken in releasing health information upon reliance of a valid authorization.  With respect to the covered entity that I have authorized to release health information, revocation will only be effective when it has been communicated directly to the covered entity.  *See* 45 CFR § 164.508(c)(2)(i)

**Re-disclosure.**  I understand that if the recipient of my information is not a health care provider, a health plan or health care clearing house or not an entity required to comply with federal or state health privacy regulations, my health information may be further disclosed by such recipient and my information may no longer be protected by state and federal laws.  If this Authorization is for the disclosure of substance abuse information, the recipient may be prohibited from disclosing the substance abuse information under federal substance abuse confidentiality requirements.  If this Authorization is for the disclosure of HIV infection, AIDS or AIDS related conditions, substance abuse, psychological or psychiatric conditions or genetic testing information, the recipient may be prohibited from disclosing information under applicable law.  *See* A.R.S. §36-664(G).

**Right to Refuse to Sign**: I understand that I do not have to sign this authorization and that my failure to sign this authorization will not affect my ability to obtain treatment, payment, enrollment or eligibility for benefits.

**Automatic one-year duration**: This authorization will automatically expire after one (1) year from the date of execution unless a different end date or event is specified below.

I agree that a photocopy of this authorization may be used for all purposes the same as the original.

End Date: _____  OR EVENT NAME: **CONCLUSION OF LAWSUIT**

Dated this 22 day of September, 2024.

                                                          Patient or Authorized Representative
                                                           (Specify Relationship)

Doc ID: 3292fe809f2f2d67f68efb26207c41374ced3b44

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of Arizona

| | | |
|---|---|---|
| Robert Warix | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   2:24-cv-01740-DJH |
| Crete Carrier Corporation, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Coolidge Chiropractic Clinic, 803 N. Arizona Blvd., Coolidge, AZ 85128 (520) 723-3441

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place: Jones, Skelton & Hochuli, PLC<br>40 N. Central Ave., Ste. 2700<br>Phoenix, AZ 85004 | Date and Time:<br><br>11/11/2024 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   10/23/2024

*CLERK OF COURT*

OR

_____          /s/ Lauren Norton
*Signature of Clerk or Deputy Clerk*          _____
                                                            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Defendant Crete Carrier Corporation                                          , who issues or requests this subpoena, are:

Lauren Norton, JSH, 40 N. Central Ave., Ste. 2700, Phx, AZ 85004; lnorton@jshfirm.com; (602) 263-4491

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:24-cv-01740-DJH

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $       0.00       .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**
**RECORDS TO BE PRODUCED**

Re:     Robert Lee Warix
        DOB:   05/21/1968

Any and all medical records and reports; examination and treatment records; diagnostic imaging studies and reports; photographs; psychiatric testing, reports and records; psychological testing, reports and records; prescriptions; correspondence; phone messages; bills and statements of charges; payments and insurance records. Records produced are to include any and all records from other providers that are contained in Ms. Jefferson's medical chart.

**AUTHORIZATION FOR USE AND/OR DISCLOSURE OF PROTECTED HEALTH INFORMATION**

TO:    Custodian of Records
       Coolidge Chiropractic Clinic
       803 N. Arizona Blvd.
       Coolidge, AZ 85128
       (520) 723-3441

RE:    Robert Lee Warix
      DOB: 05/21/1968

**Patient authorization**: I hereby authorize the entity listed above to disclose my protected health information defined in the Health Insurance Portability and Accountability Act of 1996 (HIPAA) including: any and all medical records and reports; diagnostic imaging studies and reports; photographs; psychiatric testing, reports and records; psychological testing, reports and records; prescriptions; correspondence; phone messages; bills and statements of charges; payments and insurance records; and entire hospital records including diagnostic imaging studies and specimen slides. In addition, I authorize the release of any and all records from other providers that are contained in my medical chart.

This authorization approves the release of records containing information related to the diagnosis or treatment of communicable diseases, HIV/AIDS, sexually transmitted diseases, drug and/or alcohol abuse, genetic testing, behavior or mental health services, and/or psychiatric treatment. I give my specific authorization for these to be released. *See* A.R.S. §36-661 and §12-2801; 45 CFR §164.501 and §2.1 *et seq*.

This release does not permit direct communication with the health care provider. This release is an authorization to obtain documents only.

**Specific description of information to be disclosed**: All documents listed above.

**Purpose of release**: Litigation.

| **Information released to:** | Jones, Skelton & Hochuli, P.L.C.<br>40 North Central Avenue, Suite 2700<br>Phoenix, Arizona 85004<br>602-263-1700 | or | ABI Document Support Services |
|---|---|---|---|

**Right of Revocation.** I understand that I have the right to revoke this authorization at any time, provided that my revocation is in writing. I understand that my revocation will be effective upon its receipt by the person(s) I have authorized to obtain the health information. However, revocation would not be immediately effective to the covered entity and any actions the covered entity had taken in releasing health information upon reliance of a valid authorization. With respect to the covered entity that I have authorized to release health information, revocation will only be effective when it has been communicated directly to the covered entity. *See* 45 CFR § 164.508(c)(2)(i)

**Re-disclosure.** I understand that if the recipient of my information is not a health care provider, a health plan or health care clearing house or not an entity required to comply with federal or state health privacy regulations, my health information may be further disclosed by such recipient and my information may no longer be protected by state and federal laws. If this Authorization is for the disclosure of substance abuse information, the recipient may be prohibited from disclosing the substance abuse information under federal substance abuse confidentiality requirements. If this Authorization is for the disclosure of HIV infection, AIDS or AIDS related conditions, substance abuse, psychological or psychiatric conditions or genetic testing information, the recipient may be prohibited from disclosing information under applicable law. *See* A.R.S. §36-664(G).

**Right to Refuse to Sign**: I understand that I do not have to sign this authorization and that my failure to sign this authorization will not affect my ability to obtain treatment, payment, enrollment or eligibility for benefits.

**Automatic one-year duration**: This authorization will automatically expire after one (1) year from the date of execution unless a different end date or event is specified below.

I agree that a photocopy of this authorization may be used for all purposes the same as the original.

End Date: _____ OR EVENT NAME: **CONCLUSION OF LAWSUIT**

Dated this 22 day of September , 2024.

                                                              Patient or Authorized Representative
                                                              (Specify Relationship)

12269078.1

Doc ID: 3292fe809f2f2d67f68efb26207c41374ced3b44

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Arizona

| | |
|---|---|
| Robert Warix | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 2:24-cv-01740-DJH |
| Crete Carrier Corporation, et al. | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Fusion Rehabilitation South, 1407 E. Thomas Rd., Phoenix, AZ 85014  (602) 267-7900

_____
*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place: Jones, Skelton & Hochuli, PLC<br>40 N. Central Ave., Ste. 2700<br>Phoenix, AZ 85004 | Date and Time:<br><br>11/11/2024 10:00 am |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    10/23/2024

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    /s/ Lauren Norton
                                                                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant Crete Carrier Corporation                                                                  , who issues or requests this subpoena, are:

Lauren Norton, JSH, 40 N. Central Ave., Ste. 2700, Phx, AZ 85004; lnorton@jshfirm.com; (602) 263-4491

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:24-cv-01740-DJH

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____            _____
                                                        *Server's signature*

                                                 _____
                                                        *Printed name and title*

                                                 _____
                                                        *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**
**RECORDS TO BE PRODUCED**

Re:     Robert Lee Warix
         DOB:   05/21/1968

Any and all medical records and reports; examination and treatment records; diagnostic imaging studies and reports; photographs; psychiatric testing, reports and records; psychological testing, reports and records; prescriptions; correspondence; phone messages; bills and statements of charges; payments and insurance records. Records produced are to include any and all records from other providers that are contained in Ms. Jefferson's medical chart.

**AUTHORIZATION FOR USE AND/OR DISCLOSURE OF PROTECTED HEALTH INFORMATION**

TO:      Custodian of Records
            Fusion Rehabilitation South
            1407 E. Thomas Rd.
            Phoenix, AZ 85014
            (602) 267-7900

RE:      Robert Lee Warix
            DOB:  05/21/1968

**Patient authorization**: I hereby authorize the entity listed above to disclose my protected health information defined in the Health Insurance Portability and Accountability Act of 1996 (HIPAA) including: any and all medical records and reports; diagnostic imaging studies and reports; photographs; psychiatric testing, reports and records; psychological testing, reports and records; prescriptions; correspondence; phone messages; bills and statements of charges; payments and insurance records; and entire hospital records including diagnostic imaging studies and specimen slides.  In addition, I authorize the release of any and all records from other providers that are contained in my medical chart.

This authorization approves the release of records containing information related to the diagnosis or treatment of communicable diseases, HIV/AIDS, sexually transmitted diseases, drug and/or alcohol abuse, genetic testing, behavior or mental health services, and/or psychiatric treatment.  I give my specific authorization for these to be released.  *See* A.R.S. §36-661 and §12-2801; 45 CFR §164.501 and §2.1 *et seq*.

This release does not permit direct communication with the health care provider.  This release is an authorization to obtain documents only.

**Specific description of information to be disclosed**: All documents listed above.

**Purpose of release**: Litigation.

| | | |
|---|---|---|
| **Information released to:** | Jones, Skelton & Hochuli, P.L.C.<br>40 North Central Avenue, Suite 2700<br>Phoenix, Arizona 85004<br>602-263-1700 | or     ABI Document Support Services |

**Right of Revocation.**  I understand that I have the right to revoke this authorization at any time, provided that my revocation is in writing.  I understand that my revocation will be effective upon its receipt by the person(s) I have authorized to obtain the health information.  However, revocation would not be immediately effective to the covered entity and any actions the covered entity had taken in releasing health information upon reliance of a valid authorization.  With respect to the covered entity that I have authorized to release health information, revocation will only be effective when it has been communicated directly to the covered entity.  *See* 45 CFR § 164.508(c)(2)(i)

**Re-disclosure.**  I understand that if the recipient of my information is not a health care provider, a health plan or health care clearing house or not an entity required to comply with federal or state health privacy regulations, my health information may be further disclosed by such recipient and my information may no longer be protected by state and federal laws.  If this Authorization is for the disclosure of substance abuse information, the recipient may be prohibited from disclosing the substance abuse information under federal substance abuse confidentiality requirements.  If this Authorization is for the disclosure of HIV infection, AIDS or AIDS related conditions, substance abuse, psychological or psychiatric conditions or genetic testing information, the recipient may be prohibited from disclosing information under applicable law.  *See* A.R.S. §36-664(G).

**Right to Refuse to Sign**: I understand that I do not have to sign this authorization and that my failure to sign this authorization will not affect my ability to obtain treatment, payment, enrollment or eligibility for benefits.

**Automatic one-year duration**: This authorization will automatically expire after one (1) year from the date of execution unless a different end date or event is specified below.

I agree that a photocopy of this authorization may be used for all purposes the same as the original.

End Date: _____  OR EVENT NAME: **CONCLUSION OF LAWSUIT**

    Dated this __22__ day of _September_____, 2024.

                                              Patient or Authorized Representative
                                            (Specify Relationship)

Doc ID: 3292fe809f2f2d67f68efb26207c41374ced3b44

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Arizona

| | |
|---|---|
| Robert Warix | ) |
| _Plaintiff_ | ) |
| v. | )    Civil Action No.   2:24-cv-01740-DJH |
| Crete Carrier Corporation, et al. | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    Jewish Family & Children's Service, 4747 N. 7th St., Ste. 100, Phoenix, AZ 85014 (602) 279-7655

_____
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place: Jones, Skelton & Hochuli, PLC<br>    40 N. Central Ave., Ste. 2700<br>    Phoenix, AZ 85004 | Date and Time:<br><br>    11/11/2024 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    10/23/2024

| CLERK OF COURT | |
|---|---|
| | OR |
| _____ | /s/ Lauren Norton |
| _Signature of Clerk or Deputy Clerk_ | _____ |
| | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Defendant Crete Carrier Corporation _____ , who issues or requests this subpoena, are:

Lauren Norton, JSH, 40 N. Central Ave., Ste. 2700, Phx, AZ 85004; lnorton@jshfirm.com; (602) 263-4491

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:24-cv-01740-DJH

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____             _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**
**RECORDS TO BE PRODUCED**

Re:     Robert Lee Warix
        DOB:   05/21/1968

Any and all medical records and reports; examination and treatment records; diagnostic imaging studies and reports; photographs; psychiatric testing, reports and records; psychological testing, reports and records; prescriptions; correspondence; phone messages; bills and statements of charges; payments and insurance records. Records produced are to include any and all records from other providers that are contained in Ms. Jefferson's medical chart.

**AUTHORIZATION FOR USE AND/OR DISCLOSURE OF PROTECTED HEALTH INFORMATION**

TO:    Custodian of Records
        Jewish Family & Children's Service
        4747 North 7th Street, Suite 100
        Phoenix, AZ 85014
        (602) 279-7655

RE:    Robert Lee Warix
        DOB:  05/21/1968

**Patient authorization**: I hereby authorize the entity listed above to disclose my protected health information defined in the Health Insurance Portability and Accountability Act of 1996 (HIPAA) including: any and all medical records and reports; diagnostic imaging studies and reports; photographs; psychiatric testing, reports and records; psychological testing, reports and records; prescriptions; correspondence; phone messages; bills and statements of charges; payments and insurance records; and entire hospital records including diagnostic imaging studies and specimen slides.  In addition, I authorize the release of any and all records from other providers that are contained in my medical chart.

This authorization approves the release of records containing information related to the diagnosis or treatment of communicable diseases, HIV/AIDS, sexually transmitted diseases, drug and/or alcohol abuse, genetic testing, behavior or mental health services, and/or psychiatric treatment.  I give my specific authorization for these to be released.  *See* A.R.S. §36-661 and §12-2801; 45 CFR §164.501 and §2.1 *et seq*.

This release does not permit direct communication with the health care provider.  This release is an authorization to obtain documents only.

**Specific description of information to be disclosed**: All documents listed above.

**Purpose of release**: Litigation.

**Information**    Jones, Skelton & Hochuli, P.L.C.      or      ABI Document Support Services
**released to:**    40 North Central Avenue, Suite 2700
                Phoenix, Arizona 85004
                602-263-1700

**Right of Revocation.**  I understand that I have the right to revoke this authorization at any time, provided that my revocation is in writing.  I understand that my revocation will be effective upon its receipt by the person(s) I have authorized to obtain the health information.  However, revocation would not be immediately effective to the covered entity and any actions the covered entity had taken in releasing health information upon reliance of a valid authorization.  With respect to the covered entity that I have authorized to release health information, revocation will only be effective when it has been communicated directly to the covered entity.  *See* 45 CFR § 164.508(c)(2)(i)

**Re-disclosure.**  I understand that if the recipient of my information is not a health care provider, a health plan or health care clearing house or not an entity required to comply with federal or state health privacy regulations, my health information may be further disclosed by such recipient and my information may no longer be protected by state and federal laws.  If this Authorization is for the disclosure of substance abuse information, the recipient may be prohibited from disclosing the substance abuse information under federal substance abuse confidentiality requirements.  If this Authorization is for the disclosure of HIV infection, AIDS or AIDS related conditions, substance abuse, psychological or psychiatric conditions or genetic testing information, the recipient may be prohibited from disclosing information under applicable law.  *See* A.R.S. §36-664(G).

**Right to Refuse to Sign**: I understand that I do not have to sign this authorization and that my failure to sign this authorization will not affect my ability to obtain treatment, payment, enrollment or eligibility for benefits.

**Automatic one-year duration**: This authorization will automatically expire after one (1) year from the date of execution unless a different end date or event is specified below.

I agree that a photocopy of this authorization may be used for all purposes the same as the original.

End Date: _____   OR EVENT NAME: **CONCLUSION OF LAWSUIT**

Dated this 22 day of September , 2024.

_____
Patient or Authorized Representative
(Specify Relationship)

12269078.1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
District of Arizona

| | |
|---|---|
| Robert Warix | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   2:24-cv-01740-DJH |
| Crete Carrier Corporation, et al. | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Premier Endoscopy Center, LLC, 2563 S. Val Vista Dr., Ste. 101B, Gilbert, AZ 85295  (480) 573-0130

_____
*(Name of person to whom this subpoena is directed)*

✓ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place: Jones, Skelton & Hochuli, PLC | Date and Time: |
|---|---|
| 40 N. Central Ave., Ste. 2700 | |
| Phoenix, AZ 85004 | 11/11/2024 10:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    10/23/2024

         *CLERK OF COURT*
                                        OR
                                              /s/ Lauren Norton
_____        _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Defendant Crete Carrier Corporation _____ , who issues or requests this subpoena, are:

Lauren Norton, JSH, 40 N. Central Ave., Ste. 2700, Phx, AZ 85004; lnorton@jshfirm.com; (602) 263-4491

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:24-cv-01740-DJH

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____  on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**
**RECORDS TO BE PRODUCED**

Re:     Robert Lee Warix
        DOB:   05/21/1968

Any and all medical records and reports; examination and treatment records; diagnostic imaging studies and reports; photographs; psychiatric testing, reports and records; psychological testing, reports and records; prescriptions; correspondence; phone messages; bills and statements of charges; payments and insurance records. Records produced are to include any and all records from other providers that are contained in Ms. Jefferson's medical chart.

### AUTHORIZATION FOR USE AND/OR DISCLOSURE OF PROTECTED HEALTH INFORMATION

TO:       Custodian of Records
           Premier Endoscopy Center, LLC
           2563 S. Val Vista Dr., Ste. 101B
           Gilbert, AZ 85295-6231
           (480) 573-0130

RE:       Robert Lee Warix
           DOB:  05/21/1968

**Patient authorization**: I hereby authorize the entity listed above to disclose my protected health information defined in the Health Insurance Portability and Accountability Act of 1996 (HIPAA) including: any and all medical records and reports; diagnostic imaging studies and reports; photographs; psychiatric testing, reports and records; psychological testing, reports and records; prescriptions; correspondence; phone messages; bills and statements of charges; payments and insurance records; and entire hospital records including diagnostic imaging studies and specimen slides.  In addition, I authorize the release of any and all records from other providers that are contained in my medical chart.

This authorization approves the release of records containing information related to the diagnosis or treatment of communicable diseases, HIV/AIDS, sexually transmitted diseases, drug and/or alcohol abuse, genetic testing, behavior or mental health services, and/or psychiatric treatment.  I give my specific authorization for these to be released.  *See* A.R.S. §36-661 and §12-2801; 45 CFR §164.501 and §2.1 *et seq*.

This release does not permit direct communication with the health care provider.  This release is an authorization to obtain documents only.

**Specific description of information to be disclosed**: All documents listed above.

**Purpose of release**: Litigation.

| | | |
|---|---|---|
| **Information released to:** | Jones, Skelton & Hochuli, P.L.C.<br>40 North Central Avenue, Suite 2700<br>Phoenix, Arizona 85004<br>602-263-1700 | or    ABI Document Support Services |

**Right of Revocation.**  I understand that I have the right to revoke this authorization at any time, provided that my revocation is in writing.  I understand that my revocation will be effective upon its receipt by the person(s) I have authorized to obtain the health information.  However, revocation would not be immediately effective to the covered entity and any actions the covered entity had taken in releasing health information upon reliance of a valid authorization.  With respect to the covered entity that I have authorized to release health information, revocation will only be effective when it has been communicated directly to the covered entity.  *See* 45 CFR § 164.508(c)(2)(i)

**Re-disclosure.**  I understand that if the recipient of my information is not a health care provider, a health plan or health care clearing house or not an entity required to comply with federal or state health privacy regulations, my health information may be further disclosed by such recipient and my information may no longer be protected by state and federal laws.  If this Authorization is for the disclosure of substance abuse information, the recipient may be prohibited from disclosing the substance abuse information under federal substance abuse confidentiality requirements.  If this Authorization is for the disclosure of HIV infection, AIDS or AIDS related conditions, substance abuse, psychological or psychiatric conditions or genetic testing information, the recipient may be prohibited from disclosing information under applicable law.  *See* A.R.S. §36-664(G).

**Right to Refuse to Sign**: I understand that I do not have to sign this authorization and that my failure to sign this authorization will not affect my ability to obtain treatment, payment, enrollment or eligibility for benefits.

**Automatic one-year duration**: This authorization will automatically expire after one (1) year from the date of execution unless a different end date or event is specified below.

I agree that a photocopy of this authorization may be used for all purposes the same as the original.

End Date: _____  OR EVENT NAME: **CONCLUSION OF LAWSUIT**

Dated this 22 day of Sep _____, 2024.

_____
Patient or Authorized Representative
(Specify Relationship)

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Arizona

| | | |
|---|---|---|
| Robert Warix | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.   2:24-cv-01740-DJH |
| Crete Carrier Corporation, et al. | ) | |
| | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   SimonMed Imaging - Peoria Plaza, 9139 W. Thunderbird Rd., #112, Peoria, AZ 85381  (623) 875-1637

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place: Jones, Skelton & Hochuli, PLC<br>40 N. Central Ave., Ste. 2700<br>Phoenix, AZ 85004 | Date and Time:<br><br>11/11/2024 10:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   10/23/2024

_CLERK OF COURT_

OR

_____          /s/ Lauren Norton
_Signature of Clerk or Deputy Clerk_          _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   Defendant Crete Carrier Corporation _____ , who issues or requests this subpoena, are:

Lauren Norton, JSH, 40 N. Central Ave., Ste. 2700, Phx, AZ 85004; lnorton@jshfirm.com; (602) 263-4491

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:24-cv-01740-DJH

### PROOF OF SERVICE
#### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____                 _____
                                                                *Server's signature*

                                                        _____
                                                                *Printed name and title*

                                                        _____
                                                                *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**
**RECORDS TO BE PRODUCED**

Re:     Robert Lee Warix
         DOB:   05/21/1968

Any and all medical records and reports; examination and treatment records; diagnostic imaging studies and reports; photographs; psychiatric testing, reports and records; psychological testing, reports and records; prescriptions; correspondence; phone messages; bills and statements of charges; payments and insurance records. Records produced are to include any and all records from other providers that are contained in Ms. Jefferson's medical chart.

**AUTHORIZATION FOR USE AND/OR DISCLOSURE OF PROTECTED HEALTH INFORMATION**

TO:      Custodian of Records
            SimonMed Imaging - Peoria Plaza
            9139 W. Thunderbird Rd., # 112
            Peoria, AZ 85381
            (623) 875-1637

RE:      Robert Lee Warix
            DOB:  05/21/1968

**Patient authorization**: I hereby authorize the entity listed above to disclose my protected health information defined in the Health Insurance Portability and Accountability Act of 1996 (HIPAA) including: any and all medical records and reports; diagnostic imaging studies and reports; photographs; psychiatric testing, reports and records; psychological testing, reports and records; prescriptions; correspondence; phone messages; bills and statements of charges; payments and insurance records; and entire hospital records including diagnostic imaging studies and specimen slides.  In addition, I authorize the release of any and all records from other providers that are contained in my medical chart.

This authorization approves the release of records containing information related to the diagnosis or treatment of communicable diseases, HIV/AIDS, sexually transmitted diseases, drug and/or alcohol abuse, genetic testing, behavior or mental health services, and/or psychiatric treatment.  I give my specific authorization for these to be released.  *See* A.R.S. §36-661 and §12-2801; 45 CFR §164.501 and §2.1 *et seq*.

This release does not permit direct communication with the health care provider.  This release is an authorization to obtain documents only.

**Specific description of information to be disclosed**: All documents listed above.

**Purpose of release**: Litigation.

**Information**     Jones, Skelton & Hochuli, P.L.C.     or     ABI Document Support Services
**released to:**    40 North Central Avenue, Suite 2700
            Phoenix, Arizona 85004
            602-263-1700

**Right of Revocation.**  I understand that I have the right to revoke this authorization at any time, provided that my revocation is in writing.  I understand that my revocation will be effective upon its receipt by the person(s) I have authorized to obtain the health information.  However, revocation would not be immediately effective to the covered entity and any actions the covered entity had taken in releasing health information upon reliance of a valid authorization.  With respect to the covered entity that I have authorized to release health information, revocation will only be effective when it has been communicated directly to the covered entity.  *See* 45 CFR § 164.508(c)(2)(i)

**Re-disclosure.**  I understand that if the recipient of my information is not a health care provider, a health plan or health care clearing house or not an entity required to comply with federal or state health privacy regulations, my health information may be further disclosed by such recipient and my information may no longer be protected by state and federal laws.  If this Authorization is for the disclosure of substance abuse information, the recipient may be prohibited from disclosing the substance abuse information under federal substance abuse confidentiality requirements.  If this Authorization is for the disclosure of HIV infection, AIDS or AIDS related conditions, substance abuse, psychological or psychiatric conditions or genetic testing information, the recipient may be prohibited from disclosing information under applicable law.  *See* A.R.S. §36-664(G).

**Right to Refuse to Sign**: I understand that I do not have to sign this authorization and that my failure to sign this authorization will not affect my ability to obtain treatment, payment, enrollment or eligibility for benefits.

**Automatic one-year duration**: This authorization will automatically expire after one (1) year from the date of execution unless a different end date or event is specified below.

I agree that a photocopy of this authorization may be used for all purposes the same as the original.

End Date: _____  OR EVENT NAME: **CONCLUSION OF LAWSUIT**

Dated this 22 day of _____, 2024.
           Sept

_____
Patient or Authorized Representative
(Specify Relationship)

12269078.1